**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| WILLIE E. BROOKS, #315392 | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. PJM-07-749 |
| FRANK C. SIZER, JR., Commissioner[1] | : | |
| NANCY L. ROUSE, Warden, and | | |
| JEAN M. AYERS | : | |
| Defendants | : | |

. . . . . . . .o0o. . . . . . . .

## MEMORANDUM

This is a pro se 42 U.S.C. §1983 civil rights complaint filed by Willie E. Brooks, an inmate at the Roxbury Correctional Institutional, alleging violations of his constitutional rights. Specifically, he disputes Defendants' calculations of his "good conduct" or diminution of confinement credits for August of 2003 and January 6, 2004. Plaintiff has filed a Motion to Proceed In Forma Pauperis which shall be granted.

This Court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). The instant case must be dismissed under this standard.

Plaintiff's challenge to the award of diminution credits provided to prisoners under Maryland

---

[1] Frank Sizer is the former Commissioner of Correction. John A. Rowley, is the Acting Commissioner of Correction.

Law [2] does not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62 (1991); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970); *see also McCray v. Rosenblatt*, 27 F.3d 563 (4th Cir. 1994) (*per curiam*) (unpublished).[3] Furthermore, a prisoner has no inherent Fourteenth Amendment right to parole consideration or release on parole. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Paoli v. Lally*, 812 F.2d 1489 (4th Cir. 1987); *Bryant v. Maryland*, 848 F.2d 494 (4th Cir. 1988).

To the extent Plaintiff alleges that he is illegally incarcerated and is entitled to habeas corpus relief, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). This means the claim must be fairly presented to the state courts by presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000).

In light of the foregoing, the Court will dismiss the Complaint. A separate Order shall be entered reflecting the opinion set forth herein.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

April 2, 2007

---

[2] *See* Md. Code Ann., Art. 27, § 3-702 *et seq*. (West 2006) (diminution of term of confinement of prisoner) does not give rise to a federal question.

[3] To the extent Plaintiff raises a cause of action under state law, he must bring his claim before the appropriate state court.